# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 8, 2011

142041 & (8)(9)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

IN RE CERTIFIED QUESTION FROM
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY,
_____/

SC: 142041
CA: 03-4558 (GEB)
MDL #1687

IN RE FORD MOTOR CO. E-360 VAN
PRODUCTS LIABILITY LITIGATION (NO. II)
_____/

On order of the Court, the motions for leave to file brief amicus curiae are GRANTED. The question certified by the United States District Court for the District of New Jersey is considered, and the Court respectfully declines the request to answer the certified question.

MARKMAN, J. (*dissenting*).

I strongly dissent, and would answer the certified question posed by the United States District Court for the District of New Jersey. I do not yet know in what manner I would answer its question, but I do know that for this Court to answer such question is in the best interests of the people of this state, and in the best interests of the form of constitutional government that the people of this state have chosen for themselves. When this Court, as it now does, refuses to answer a question certified to it by a federal court, the following consequences arise: (a) we undermine the interests of the people of this state in having significant questions of Michigan law resolved by courts which are accountable to the people of this state; (b) we erode the sovereign interests of this state in retaining control over the interpretation of its own laws, and transfer such control to a lower court of a different sovereign; (c) we weaken our system of judicial federalism in which even in those cases in which a federal court must apply state law, the federal court is obligated to defer to state court interpretations of that law; (d) we place Michigan on an unequal footing with the majority of other states of the Union whose highest courts routinely respond to certified questions and which employ the certification process as one important means by which to maintain the sovereign institutions of their states; and (e) we fail to demonstrate comity and cooperation with a federal court, which is acting in

these circumstances to show respect for the role of a state court in giving authoritative meaning to the laws of its own state.

The upshot of the majority's decision will be that an undecided, and significant, question of Michigan law will be decided, not by a judicial body established under the Constitution of this state, not by a judicial body accountable to the people of this state, and not by a judicial body comprised of judges selected by the people of this state, but by a federal district court in New Jersey. And when the decision of that district court is finally rendered, it will not be only the litigants in *this* case who will be affected by our failure to have exercised our responsibility to maintain the integrity of our state institutions, but it will be the "general citizenry of Michigan, which in order to avoid litigation will tend to conform their conduct to what they understand as current law [of Michigan], the law of the federal court[.]" *In re Certified Question*, 472 Mich 1225, 1238 (2005) (MARKMAN, J., dissenting). Unlike the great number of federal judicial decisions over recent decades that have tended to weaken the role of state judiciaries relative to their federal counterparts, today's weakening of judicial federalism is the result, not of a federal court decision, but of a state court decision. It is an entirely self-inflicted wound.

MARY BETH KELLY and ZAHRA, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 8, 2011 _____                    _____
                                                                              Clerk

y0405